OPINION
{¶ 1} On July 20, 2001, appellant, Bill Sontos, filed a complaint against appellee, Robert Aaron Miller, Esq., claiming legal malpractice and/or breach of contract. Appellee filed a motion for summary judgment on August 26, 2002. By decision filed May 27, 2003 and judgment entry filed June 19, 2003, the trial court granted said motion.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignment from appellant's arguments:
 I {¶ 3} "The trial court erred in granting summary judgment to appellee."
 I {¶ 4} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 5} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 6} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 Ohio St.3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 7} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 8} In his motion for summary judgment, appellee set forth the following undisputed facts based upon appellant's admissions contained in his deposition filed August 26, 2002:
 {¶ 9} "In this case, it is undisputed that the plaintiff was to appear on August 29, 2000 in the Muskingum County Court as a result of receiving a traffic citation for speeding. (Plaintiff's Depo., 5:23-6:7) It is undisputed that the plaintiff did not appear at that time. (Plaintiff's Depo., 6:6, 7) It is undisputed that the plaintiff did not contact the defendant regarding the citation until September 4, 2000. (Plaintiff's Depo. 5:20-22) It is undisputed that the plaintiff did not inform the defendant that he could not appear and needed a continuance. (Plaintiff's Depo., 13:3-6) It is undisputed that the plaintiff suffered no damages in this case. (Plaintiff's Depo., 7:22-8:16; 9:24-10:1) It is undisputed that the defendant received a retainer for legal services after the plaintiff's court date in Muskingum County Court. (Plaintiff's Depo. 6:8-25)"
 {¶ 10} Also submitted was appellee's own affidavit wherein he averred he was contacted on August 25, 2000 by the "American Truckers Association and received a referral for a potential client, namely Bill Sontos." Appellant did not contact appellee or his office or pay appellee the required retainer until September 4, 2000, six days after his scheduled court date. Neither appellant nor appellee appeared for the August 29, 2000 court date.
 {¶ 11} The basis of appellant's claim is that appellee was his attorney upon receipt of the letter of referral from his agent, the American-Truckers' Legal Association (August 25, 2000). Appellee argues he did not represent appellant until September 4, 2000, the day appellant contacted him and paid a fifty dollar retainer. The letter from the American-Truckers' Legal Association stated the following:
 {¶ 12} "The following Attorney has agreed to represent you in court for your recent traffic violation. Bill, you need to remit the remaining balance of $50.00. Before preparing your case, the Attorney is requesting you to call as soon as possible. The attorney's phone number and address are included as follows * * *."
 {¶ 13} The letter is dated and admitted received by appellant prior to his court date of August 29, 2000. Appellant, by his own failure to timely contact appellee and/or appear in court on the scheduled date, was the proximate cause of his own damages.
 {¶ 14} Although there may in fact be a duty by an attorney once a referral is made, a breach of that duty must be the cause of a client's damages. In the case sub judice, appellant was the cause of his own damages and therefore there is no claim to be made against appellee.
 {¶ 15} Based upon the absence of any evidence that appellee was the proximate cause of appellant's damages and the lack of any evidence as to damages, we find the trial court was correct in granting summary judgment to appellee.
 {¶ 16} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, J. and Wise, J. concur.
Hoffman, P.J. concurs separately.